**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SARBJIT SINGH; NINDER KAUR; KHUSHPREET KAUR; EKAMPREET KAUR,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2535

Agency Nos.
A220-338-097
A220-338-098
A220-338-099
A220-338-100

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2025[**]
San Francisco, California

Before: CLIFTON, OWENS, and BUMATAY, Circuit Judges.

Petitioners, natives and citizens of India, seek review of the Board of

Immigration Appeals' ("BIA") April 2024 decision dismissing their appeal from an

Immigration Judge's ("IJ") denial of asylum, withholding of removal, humanitarian

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, and protection under the Convention Against Torture ("CAT"). We deny the petition.

1. Substantial evidence supports the BIA's determination that changed country conditions rebutted the presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). The BIA recognized Sarbjit Singh's past persecution by Congress Party and Bharatiya Janata Party ("BJP") members but reasonably concluded that the Aam Aadmi Party's ("AAP") sweeping 2022 victory in Punjab constituted a fundamental change in circumstances. The BIA cited evidence that AAP is not aligned with the Congress Party or BJP, is regarded as anti-corruption and rule-of-law oriented, and has elevated Sikh leadership. The BIA reasonably rejected as unsupported Petitioners' contrary speculation that AAP could lose future elections or that some AAP leaders harbor BJP or Congress sympathies. *See Garland v. Ming Dai*, 593 U.S. 357, 366 (2021). Thus, the BIA reasonably denied Petitioners' claims for asylum and withholding of removal.

2. The BIA acted within its discretion in denying remand. *See INS v. Doherty*, 502 U.S. 314, 323 (1992). Petitioners' six new submissions either did not show harm specific to Sikhs or Mann Party members in Punjab or described incidents outside the state, and thus were unlikely to change the outcome.

3. The BIA also acted within its discretion in denying humanitarian asylum because Sarbjit Singh's past harm—two beatings requiring hospitalization and

2                                                                              24-2535

multiple death threats—did not rise to the level of "atrocious" persecution. *See*

*Singh v. Whitaker*, 914 F.3d 654, 662 (9th Cir. 2019) (citation omitted).

4. Finally, the BIA reasonably denied CAT relief, finding no past torture and no likelihood of future torture with government acquiescence, particularly in light of the AAP's rise to power. Substantial evidence supports these conclusions. *See Singh v. Garland*, 97 F.4th 597, 609–10 (9th Cir. 2024).

**PETITION FOR REVIEW DENIED.**